Nash, J.
 

 No counsel appears here to represent the defendant, and we are not informed, on what ground he expects the aid of this court. The record does not show us, that in the Superior Court any objection was made by the defendant, except as to the fact of his being the father of the child, sworn to him by Martha Day. With this question, we have nothing to do, the jury have decided it, and we cannot disturb their verdict. We have carefully looked through the record, and perceive but one question, presented by it, and that is the permission given to the magistrate, in the court, then to sign the examination, taken before him and the magistrate, whose signature was affixed. Unfortunately for the defendant, if this be the only question upon which he has brought his ease here, the question is no longer an open one. At June Term, 1844, of this court, the very question was presented, in the
 
 *368
 
 case the
 
 State
 
 v.
 
 Ledbetter,
 
 4 Ired. 242. The Bastardy Act, as it is termed, requires all examinations, to charge a man with being the father of a bastard child, to be taken within tjiree years after the birth of the child. Rev. Stat. ch. 12, s. 6. In that that case, the examination did not upon its face show the fact. Upon the return of the proceedings to the County Court, a motion was made to quash them for that defect, which was refused. The Supreme Court say, “upon the refusal to quash, the party might submit to an order of fil-iation, and then take the case to the Superior Court by a
 
 cer-tiorari.
 
 But, we think likewise, a direct appeal from the refusal of the County Court to quash, is a convenient and proper method of proceeding.” An appeal, in that case, was taken to the Superior Court, with the examination still so defective, where the proceedings were quashed. The court in commenting on the case say, “ If, indeed, the supposed father moves the County Court to quash, for any defect, which may, consistently with the truth, be supplied at the instance of the State, it is competent to allow the necessary amendment.” That is precisely the case here. The only defect, to which the attention of the County Court was drawn, was the absence of the signature of one of the examining magistrates to the examination. That the amendment allowed was according to the truth, is verified by the record itself, and the court had full power to allow the amendment.
 

 When the case appeared in the Superior Court, the examination was complete, and the verdict of the jury has fixed the defendant as the father of the child.
 

 There is no error in the judgment of the Superior Court, ¿and it must be affirmed.
 

 Pee. Curiam, Ordered to be certified accordingly.